HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                    Plaintiff,<br><br>    v.<br><br>SUNG SOOK AHN,<br><br>                    Defendant<br><br>and<br><br>SUNG SOOK AHN, and GREGORY TIFT,<br><br>                    Counter Claimants,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>                    Counter Defendants. | CASE NO. C14-5063 RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[DKT. #16] |

THIS MATTER is before the Court on Counter-defendant Northwest Trustee Services' Motion to Dismiss Counterclaims [Dkt. # 16]. Pro-se Defendant and Counterclaimant Sung Sook

ORDER GRANTING MOTION TO DISMISS - 1

Ahn defaulted on her mortgage loan in May of 2012, and the lender foreclosed. Northwest, as trustee, sold Ahn's residence to Federal National Mortgage Association (FNMA). FNMA then sued to evict Ahn from the residence. Ahn removed the case and asserted counterclaims against Northwest, FNMA, Everhome Mortgage (the loan servicer), and Tina McPherson (the point of contact for Ahn's loan). Ahn argues primarily that Everhome illegally foreclosed on her house after promising that it wouldn't. Her claims do not state specifically what Northwest's misconduct was, but generally argue that Northwest wrongfully and improperly sold her house after the foreclosure.

Gregory Tift attempted to assist Ahn with her loan modification. He joined Ahn as a counterclaimant, arguing that Ahn's foreclosure damaged his reputation.

Northwest seeks dismissal under Fed. R. Civ. P. 12(b)(6). It argues that none of Ahn and Tift's claims assert any facts establishing Northwest's plausible liability, and points out that some do not mention Northwest at all.

## I.   BACKGROUND

Ahn secured a mortgage loan from Bank of America for $235,037. Ahn defaulted on her loan in May of 2012. In April of 2013 Tift helped her apply for a loan modification. Tift operates an alternative dispute housing counseling service.

On June 28, 2013, Ahn received notice that Bank of America transferred her loan to Everhome, which continued to process her modification. Everhome assured Ahn that it would not foreclose while it processed her application for a modification.

Meanwhile, in April of 2013, Bank of America appointed Northwest as the successor trustee of Ahn's home under the Deed of Trust. Northwest delivered a Notice of Default to Ahn on April 2, 2013. Northwest recorded a Notice of Trustee's Sale on June 5, 2013 setting the sale

date as October 11, 2013 and delivered the notice to Ahn on June 6. Ahn made no attempt to restrain the sale and FNMA bought the home and recorded the Trustee's Deed on October 18, 2013.

FNMA sued Ahn to remove her from the residence. Ahn and Tift assert counterclaims against FNMA, Everhome, McPherson, and Northwest, all arising out of the claim that Northwest wrongfully sold her home to FNMA after Everhome and McPherson promised they wouldn't foreclose. Ahn and Tift allege violations of the Deed of Trust Act, breach of a third party contract, breach of contract, equitable estoppel, violations of the Washington State Consumer Protection Act, promissory estoppel, negligent infliction of emotional distress, intentional infliction of emotional distress, and false light.[1] Many of the claims do not allege any conduct by Northwest and all of the claims lack any possible factual basis. Due to these deficiencies, Northwest seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2]

## II.   DISCUSSION

### A.   Fed. R. Civ. P. 12(b)(6) Standard

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads

---

[1] If and to the extent that Tift joins Ahn in any of the claims other than "false light," his counterclaims are DISMISSED. He has no standing to assert them.

[2] Northwest also seeks to strike Ahn's opposition to the motion because it was filed late [Dkt. 21]. Ahn requested an extension of time to respond, but even that came two days after her response was due. However, Ahn's Request For Relief From Deadline [Dkt. 19] is GRANTED and her late response [Dkt. 24] is accepted by the court because Northwest is not prejudiced.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3f 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

B.   **Deed of Trust Act Claim**

Ahn claims that Northwest violated the Deed of Trust Act by failing to provide statutory notice to her regarding alternatives to the foreclosure proceedings. The Deed of Trust Act requires a trustee to issue and transmit to the borrower a Notice of Default and a Notice of Trustee's Sale. RCW 61.24.030(8); RCW 61.23.040(1)(b) (respectfully). Both of those notices were delivered by Northwest in accordance with the Deed of Trust Act. Ahn's claim is not

plausible. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### C. Breach of Third Party Contract Claim

Ahn argues that Everhome breached a contract with the United States Treasury when it allowed Northwest to complete the foreclosure while Everhome was reviewing Ahn's loan modification application. This claim fails the *Iqbal* standard because Ahn does not allege a contract to which Northwest was a party or any breach by Northwest. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### D. Breach of Contract Claim

Ahn argues that Everhome guaranteed it would not foreclose on her home while it was reviewing her loan modification application. This claim fails the *Iqbal* standard because it does not allege a contract to which Northwest was a party or any breach by Northwest. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### E. Equitable Estoppel Claim

Ahn argues that Everhome implicitly and explicitly represented to Ahn that it would not foreclose on her property while it was reviewing her loan modification application. Because of these representations Ahn argues that Everhome should be estopped from foreclosing on her home. Ahn's equitable estoppel claim does not allege any actions by Northwest.

Furthermore, after foreclosure, a borrower waives the right to bring suit for anything other than damages. RCW 61.24.127. Ahn's claim for equitable estoppel, therefore, states a claim upon which relief cannot possibly be granted. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### F. Washington State Consumer Protection Act Claim

Ahn argues that Northwest violated multiple sections of the Washington State Consumer Protection Act. Her claims against Northwest are merely bare-bones recitations of the elements at best without accompanying factual allegations of any kind. For example, "Counterclaimants allege, have knowledge, and are reasonably informed that all Codefendants have breached the Washington State Consumer Protection Act RCW 19.86.090 Civil Action Damages-treble damages" [Dkt. 2, 59]. These sorts of allegations fail the *Iqbal* standard. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### G. Promissory Estoppel Claim

Ahn argues that she, relying on Everhome's promise to modify her loan, did not seek alternatives to foreclosure. Ahn makes no allegations of any communication from Northwest regarding loan modification. Her promissory estoppel claim does not apply to Northwest.

Furthermore, after foreclosure, a borrower waives the right to bring suit for anything other than damages. RCW 61.24.127. Ahn's claim for promissory estoppel, therefore, states a claim upon which relief cannot possibly be granted. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### H. Negligent Infliction of Emotional Distress Claim

Ahn's claim for negligent infliction of emotional distress is nothing more than a statement without any factual support or specific assertions against Northwest: "Counterclaimants have been damaged by codefendants negligent infliction of emotional distress and are entitled to an award of damages" [Dkt. 2, 63]. These sorts of allegations fail the *Iqbal* standard. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### I.      Intentional Infliction of Emotion Distress Claim

Ahn's claim for intentional infliction of emotional distress is merely a bare-bones recitation of the elements, without accompanying factual allegations of any kind. For example, "Codefendants' conduct was outrageous" [Dkt. 2, 64]. These sorts of allegations fail the *Iqbal* standard. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### J.      False Light Claim

Tift argues that Everhome's negligent handling of documents transmitted by Tift between Everhome and Ahn damaged Tift's reputation. This claim is contradicted by the rest of the complaint: every other claim asserts that Ahn holds Everhome, and not Tift, accountable for the alleged harm to her.

Furthermore, Tift's claim does not contain any accompanying factual allegations of any kind, but merely asserts that Everhome "and all codefendants" were negligent. These sorts of allegations fail the *Iqbal* standard. Northwest's Motion to Dismiss this claim is GRANTED and it is DISMISSED with prejudice.

### K.      Amendment

Northwest's Motion to Dismiss Ahn and Tift's Counterclaims [Dkt. 16] is GRANTED. Furthermore, because Northwest followed the proper procedures during the sale of Ahn's residence, there is no possibility that the flaws in Plaintiffs' complaint could be cured by

//

//

//

1  amendment, and leave to amend is denied. All counterclaims against Northwest are DISMISSED
2  with PREJUDICE. Northwest is terminated as a party to these proceedings.
3      IT IS SO ORDERED.
4      Dated this 1st day of August, 2014.

                                    RONALD B. LEIGHTON
                                    UNITED STATES DISTRICT JUDGE